UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERTO J. CORRAL, aka JESUS ROBERTO CORRAL TREVIZO; LUISA CORRAL; IDAHO STATE INSURANCE FUND; PORTFOLIO RECOVERY ASSOCIATES, LLC; and CANYON COUNTY,<br><br>    Defendants. | Case No. 1:18-cv-00228-BLW<br><br>DECREE OF FORECLOSURE AND ORDER OF SALE |

**DECREE OF FORECLOSURE AND ORDER OF SALE**

On August 27, 2018, the Court entered judgment against Roberto Corral and Luisa Corral. (Dkt. No. 22.) The Idaho State Insurance Fund has disclaimed any interest in the property and has been dismissed. (Dkt. No. 8.) Default has been entered against Portfolio Recovery Associates, (Dkt. No. 23), and the Canyon County and the United States have stipulated regarding Canyon County's priority claim. (Dkt. No. 11.)

In its entry of judgment against Roberto and Luisa Corral, the Court found that they owe significant amounts of taxes, and that the associated tax liens attach to their interest in the property at 9211 Lake Shore Dr., Nampa, ID 83686. The legal description is as follows:

> A portion of the Northwest Quarter of the Southeast Quarter of Section 16, Township 2 North, Range 2 West, Boise Meridian, Canyon County, Idaho, more particularly described as follows:
>
> Beginning at the Northeast corner of Northwest Quarter of the Southeast Quarter of Section 16, Township 2 North, Range 2 West, Boise Meridian, Canyon County, Idaho, running thence

**ORDER - 1**

West along the North boundary line of said Northwest Quarter of the Southeast Quarter to the intersection of said boundary line with the center line of the New York Canal as now established; running thence Southeasterly along said center line to the East Boundary line of said Northwest Quarter of the Southeast Quarter; thence turning North along said East Boundary line to the POINT OF BEGINNING.

The Court now enters a decree of foreclosure and order of sale of the property with the address of 9211 Lake Shore Dr., Nampa, ID 83686, and hereby ORDERS:

1) The property at 9211 Lake Shore Dr., Nampa, ID 83686 (the "subject property") shall be sold pursuant to 28 US.C. §§ 2001 and 2002 to collect the unpaid federal tax liabilities of Roberto Corral and Luisa Corral;

2) The Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized to offer for public sale and sell the subject property.

3) The terms and conditions of the sale are as follows:

   a. The sale shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens and interests of all parties to this action and any successors in interest or transferees of those parties;

   b. The sale shall be subject to building lines, if established, all laws, ordinances and governmental regulations (including building and zoning ordinances) affecting the subject property, and easements and restriction of record, if any;

   c. The sale shall be held at the courthouse of the county or city in which the subject property is located or on the subject property's premises;

   d. The PALS shall announce the date and time for sale. The Internal Revenue Service, PALS, and their representatives shall be permitted to enter the subject property with prospective buyers in order to allow prospective buyers to

    inspect the interior and exterior of the subject property at such times as the Service or PALS shall determine are reasonable and convenient;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Canyon County, ID, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the subject property and shall contain the terms and condition of sale set forth in this order;

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid;

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or certified cashier's check payable to the United States District Court for the District of Idaho a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the subject property to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the District of Idaho. If the bidder fails to fulfill this

requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Roberto Corral and Luisa Corral. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Department of Justice." The subject property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

   i. The sale of the subject property shall be subject to confirmation by this Court. On confirmation of the sale, the IRS shall execute and deliver its deed conveying the subject property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the subject property that are held or asserted by all parties to this action are discharged and extinguished;

   j. When this Court confirms the sale, the Recording Official of Canyon County, ID, shall cause transfer of the subject property to be reflected upon that county's register of title. The successful bidder shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

   k. The sale of the subject property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4) Until this Court confirms the sale of the subject property, the defendants shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures, and appurtenances on the property) in its current condition

including, without limitation, maintaining fire and casualty insurance policies on the property, and provide proof of such when requested by the IRS PALS. All occupants of the subject property shall not commit waste against the property and shall not cause or permit anyone else to do so. In addition, the defendants shall not do anything that tends to reduce the value or marketability of the property and shall not cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction, and they shall not cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

5) All persons occupying the subject property shall leave and vacate the subject property permanently within 30 days of the date this order is filed or the date on which a copy of it is delivered to the occupants, whichever is later, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the subject property). Further, all persons occupying the subject property shall turn over the keys to the subject property to the IRS PALS and provide proof of current insurance within 30 days of the date this order is filed or the date on which a copy of it is delivered to the occupants, whichever is later. If any person fails or refuses to vacate the subject property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal Service to take all actions that are reasonably necessary to have those persons ejected. The United States

Marshal Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order. The United States Marshal Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of the Order of Sale. If any person fails or refuses to remove his or her personal property from the subject property by the time specified herein, the personal property remaining on the subject property thereafter is deemed forfeited and abandoned; and, the IRS PALS is authorized to remove the personal property and dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 8 below.

6) The United States' tax liens, with penalties and interest accruing to August 21, 2018, add up to $1,274,138.47, plus lien costs and statutory interest and additions accruing on that amount. The United States also has a recorded restitution lien against Roberto Corral. Any other defendant wishing to claim an interest in the sale proceeds must submit to the Court evidence of its claim, the amount, and the priority of its claim within 45 days from the entry of this Order.

7) Pending the sale of the subject property and until the deed to the subject property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the subject

property, including, but not limited to, , retaining a locksmith or other person to change or install locks or other security devices on any part of the subject property.

8) After the Court confirms the sale, the sale proceeds are to be paid by the Clerk of this Court and applied to the following items, in the order specified:

   a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court. If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to the PALS the expenses of the sale;

   b. Second, to all taxes unpaid and matured that are owed to Canyon County, Idaho, for real property taxes on the property.

   c. Third, to the United States to satisfy in whole or in part both the federal income tax liabilities (and associated penalties and interest), in the amount of $1,274,138.47 against Roberto Corral and Luisa Corral as of August 21, 2018, and any remaining amount attributable to the criminal restitution lien (and associated interest) recorded on or around January 14, 2011 against Roberto Corral, however the United States wishes to allocate payments among those liabilities.

   d. Fourth, any balance remaining after the payments identified above shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED.



DATED: October 3, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge